## ATLANTIC REFINING COMPANY *v.* SHEFFIELD.

ATKINSON, J. 1. The workmen's compensation act (Acts 1920, p. 167) in part is intended "to establish rates of compensation for personal injuries or death sustained by employees in the course of employment." In subsection (d) of section 2 of the act it is declared that "'Injury' and 'personal injury' shall mean only injury by accident arising out of and in course of the employment." Under this law, although an accident might arise in the course of the employment, the employee will not be entitled to compensation unless the injury arises "out of the employment." *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909, 915 (122 S. E. 881).

2. A corporation engaged in an industrial enterprise in connection with which it operated a blacksmith-shop for the purpose of doing blacksmith work exclusively for its own use as necessary in its main business. The company employed a blacksmith and a "helper" for such blacksmith to do its blacksmith work, and furnished the material and implements for such purpose. The company promulgated a rule which provided: "No work can be performed other than on authorized orders. All work of a private nature is absolutely prohibited in our shops by our forces; also the use of our machinery and tools for performing work of a private nature is prohibited, and will not be countenanced unless duly authorized." *Held,* that the act of the blacksmith and the "helper" while acting in the time and under the pay of the company, but without informing or obtaining the consent of their superiors, in making a gate hinge for the private use of the "helper" from scrap iron and by use of the tools and other implements of the company, is outside of their employment. And in these circumstances, where the "helper" received a personal injury such as the loss of an eye, resulting from being struck by the fragment of a tool which broke while he was making a hole in the hinge, such injury can not be held to have arisen "out of" the employment. *Georgia Casualty Company* v, *Martin,* supra; Mann *v.* Glastonbury Knitting Co., 90 Conn. 116 (96 Atl. 368, L. R. A. 1916D, 86).

Workmen's Compensation Acts, C. J. p. 73, n. 80; p. 80, n. 25; p. 82, n. 43.

(a) It would not affect the case if the blacksmith may have directed the "helper" to report the matter to their superiors in order that a charge might be made therefor before making the hinge.

(b) Nor would it affect the case that the blacksmith and "helper" were accustomed to do private work for employees of the company.

3. Applying the foregoing principles, the Court of Appeals erred in reversing the judgment of the trial court holding that the employee was not entitled to compensation.

*Judgment reversed. All the Justices concur.*

No. 5132. SEPTEMBER 17, 1926.

Certiorari; from Court of Appeals. 34 *Ga. App.* 303.

*Bennet, Twilty & Reese,* for plaintiff in error.

*Farr & Powell,* contra.