## 23815.  BRASELTON v. BRAZELL.

JENKINS, P. J.  1. The doctrine of the so-called "turntable cases," which constitutes an exception to the general rule that an occupier of land is under no duty to keep his premises safe for trespassers, but under which it has been held that a dangerous and attractive instrumentality such as a turntable must be kept on the land with ordinary care to protect children, who might reasonably be attracted thereby, will be strictly limited; and the doctrine will not be extended so as to have application to a motor-truck which is being driven by an agent of the owner on city streets or the premises of another. *Southern Cotton-Oil Co.* v. *Pierce*, 145 *Ga.* 130, 132 (88 S. E. 672); *S., F. & W. Ry. Co.* v. *Beavers*, 113 *Ga.* 398, 403, 404 (39 S. E. 82, 54 L. R. A. 314); *Ferguson* v. *Columbus & Rome Ry.*, 75 *Ga.* 637; *Manos* v. *Myers-Miller Furniture Co.*, 32 *Ga. App.* 644, 646 (124 S. E. 357); *Haley Motor Co.* v. *Boynton*, 40 *Ga. App.* 675 (150 S. E. 862). See also Jackson v. Mills-Fox Baking Co., 221 Mich. 64 (190 N. W. 740, 26 A. L. R. 906); Bruhnke v. LaCrosse, 155 Wis. 485 (144 N. W. 1100, 50 L. R. A. (N. S.) 1147); Gamble *v.* U. S. Oil Co., 100 Kans. 74 (163 Pac. 627, L. R. A. 1917D, 875); Scott *v.* Peabody Coal Co., 153 Ill. App. 103; 2 Blashfield's Automobile Law, 1077, § 9.

2. "The driver of a motor-vehicle, in the absence of express or implied authority from the owner to permit third persons to ride therein, is ordinarily held to be acting outside the scope of his employment in permitting them to do so.  Hence, so far as the operator of a motor-truck is knowingly carrying a child in a position of danger, he will be regarded as acting beyond the scope of his employment," unless authority therefor from the owner is shown.  *Greeson* v. *Bailey*, 167 *Ga.* 638, 640 (146 S. E. 490); *Waller* v. *Southern Ice Co.*, 144 *Ga.* 695 (87 S. E. 88); *Murphey* v. *New South Brewery Co.*, 145 *Ga.* 561 (89 S. E. 704); *Atlantic Refining Co.* v. *Sheffield*, 162 *Ga.* 656 (134 S. E. 761); *Tate* v. *Atlantic Ice & Coal Co.*, 25 *Ga. App.* 797 (104 S. E. 913); *Morris* v. *Fruit Co.*, 32 *Ga. App.* 788 (124 S. E. 807); *Turner* v. *Fuller*, 39 *Ga. App.* 184 (146 S. E. 494).

3. Under the above rulings, the court properly sustained the general demurrer to the petition of the plaintiff, a child ten years of age, suing by next friend, which set forth merely that the truck was being driven by an agent of the defendant owner in delivering coal in a driveway adjoining her residence, that the truck was attractive to her, that she boarded the same, and with the agent's permission assisted him in unloading the coal, remained on the truck when it drove away, and that she was thereafter injured because of the agent's negligence in allowing her to board and remain on the truck, and in suddenly increasing its speed so as to cause it to jerk violently forward, make her lose her balance, and fall to the pavement; but which failed to indicate that the defendant master either expressly or impliedly authorized or permitted the plaintiff to board or ride on the truck, or that the agent in so permitting her acted in the prosecution or scope of the business for which the master employed him.  See also Civil Code (1910), § 4413; *Fielder*

v. *Davidson,* 139 *Ga.* 509 (77 S. E. 618); *Gomez* v. *Great Atlantic & Pacific Tea Co.,* 48 *Ga. App.* 398 (172 S. E. 750).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 18, 1934.

*Walter Erle Daley, Burress & Dillard,* for plaintiff.
*John M. Slaton,* for defendant.