## OCEAN ACCIDENT AND GUARANTEE CORPORATION *et al. v.* FARR.

No. 9826. FEBRUARY 13, 1935.

*John M. Slaton,* for plaintiffs in error. *Oliver & Oliver,* contra.

ATKINSON, Justice. The proceeding was not an action by an employee against his employer for damages for failure to provide a safe place in which to work, or for other cause, but was a statutory proceeding under the Georgia workmen's compensation act (Ga. L. 1920, p. 167; Code of 1933, § 114-101 et seq.), which provides for compensation by an employer to his employee for an injury by accident "arising out of and in the course of employment." Referring to the act, it was said, in *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909, 915 (122 S. E. 881): "The workmen's compensation act in part is intended 'to establish rates of compensation for personal injuries or death sustained by employees in the course of employment.' In subsection (d) of subsection (8) of section 2 of the act, ' "injury" and "personal injury" shall mean only injury by accident arising out of and in course of the employment.' Conceding that the accident in question here arose in the course of the employment, as the commissioner found, did it arise 'out of' the employment? The commissioner found that it did not. This finding was sustained, on appeal, by the full commission, and then sustained in the superior court by a judgment rendered upon appeal to that tribunal. The finding upon the issues of fact by the commission is conclusive as to those issues in the reviewing court, if there is any evidence to sustain it. And we are of the opinion that the commissioner hearing the case was fully authorized, under the facts submitted for his consideration at the hearing, to hold that the accident which resulted in the death of Martin did not arise out of his employment, and that the claimant was not entitled to recover compensation under the provisions of the workmen's compensation act." See also *Atlantic Refining Co.* v. *Sheffield,* 162 *Ga.* 656 (134 S. E. 761). If it be conceded in the instant case that the injury arose in the course of employment, did it arise out of the employment? Farr testified that it arose after he had "knocked off" from his work, and while he was preparing to eat his lunch. His preparation for lunch and his eating lunch was

his individual affair. It was not a part of his employer's work. Seckinger testified that he was not required to eat his lunch in the basement or in the building. The director was authorized to find that the "noon time" was Farr's to employ as he should choose and eat his lunch where he pleased, and that the accident arose out of his individual pursuit and not out of his employment. On principle the case is controlled by the decision in *Independence Indemnity Co.* v. *Sprayberry*, 171 *Ga.* 565 (156 S. E. 230), where it was held: "Upon a careful review of all the evidence introduced before the industrial commission hearing the application of the plaintiff in error, upon which they based their opinion and finding and upon which they held that the employee, the applicant, failed to carry 'the burden in this case,' and that 'the accident did not arise out of and in the course of her employment,' this court is of the opinion that this finding was not without evidence to support it, and that the commission was authorized, in view of the law which makes their finding on the facts conclusive, to disallow the employee's claim for compensation; and the judgment of the Court of Appeals, reversing the judgment of the superior court affirming the findings of the industrial commission; must be reversed." In that as in the instant case the claimant while in the place of her employment turned to an individual undertaking and suffered the injury. It was erroneous for the Court of Appeals to sustain the judgment of the superior court holding as matter of law that the judgment of the Department of Industrial Relations was unauthorized by the evidence.

*Judgment reversed. All the Justices concur.*