ROBERT V. TAVERNER, Appellant, v. JESS ANDERSON, Appellee.

No. 42989.

152

June 21, 1935.

Ferguson & Ferguson, for appellant.

Stipe, Davidson & Davidson, for appellee.

MITCHELL, J.—Robert V. Taverner was employed in the fall of 1932 by Jess Anderson, who at that time was operating his farm three miles northeast of the city of Clarinda, in Page county, Iowa. It is the claim of Taverner that he was employed to work at a sorghum mill which the appellee had upon his farm, and which he was operating for commercial benefit. Appellant was to receive the sum of one dollar per day and board and lodging. The appellee did not carry compensation insurance as required by law, and, while Taverner was so employed, his right hand became engaged and caught in the rollers used in the sorghum mill, and as a result it became necessary to amputate the second and third fingers of his right hand. He incurred doctor and hospital bills and lost the permanent use of his right

hand. Under the workmen's compensation statute, he would be entitled to total compensation for 150 weeks at the rate of $12 per week, or in the amount of $1,800, together with reimbursement of doctor and hospital bills. He asked that a hearing be ordered by the Industrial Commissioner, and for judgment for the amount due him.

To this claim Anderson answered, setting up by way of defense that he is a farmer, and that all of the work done or performed by the claimant while in his employ was general farm work, including that of harvesting sugar cane, and for that reason the workmen's compensation law did not apply.

A hearing was held before the Industrial Commissioner, arbitrators being waived by agreement of the parties, and, after listening to the evidence and argument of counsel, the Deputy Industrial Commissioner denied recovery. Thereafter a petition for review was filed, and the matter submitted upon written briefs to the Industrial Commissioner, who affirmed the decision of the arbitration commission, denying the relief asked. From the ruling of the Honorable A. B. Funk, Industrial Commissioner, the claimant appealed to the district court of Page county, Iowa, within the time and manner prescribed by law, and the district court affirmed the decision of the Industrial Commissioner of Iowa and dismissed the appeal. From the decision of the lower court, Taverner has appealed to this court.

The record shows without dispute that Jess Anderson for better than twenty-one years has lived on, owned and operated a farm located in Page county. As most farmers of that community do, he raised corn, wheat, oats, barley, sorghum cane, alfalfa, and everything else that grows on a farm, including garden truck. For a period of some five years he raised sugar cane, which is a crop raised generally by farmers in that community. That he is a farmer is conceded by the appellant, but he claims that Anderson is engaged not alone in farming but also in the manufacturing business, to wit: the operation of a sorghum mill. The courts have generally held that a farmer can be engaged in two occupations, one of which would exempt him from the workmen's compensation act, and the other which would not exempt him from the provisions of the act.

The workmen's compensation law in Iowa, section 1361, is as follows:

"1361. To whom not applicable. This chapter shall not apply to:

"1. Any household or domestic servant.

"2. Persons whose employment is of a casual nature.

"3. Persons engaged in agriculture, in so far as injuries shall be incurred by employees while engaged in agricultural pursuits or any operations immediately connected therewith, whether on or off the premises of the employer. * * *"

Claimant alleges that he was specifically employed to operate the sorghum mill, which was not properly a farm operation. That the employer was making sorghum to sell as well as for home consumption, and that it was therefore not an agricultural pursuit. Turning to the record, we find the appellee had lived upon and operated this farm for better than twenty-one years. That he had for the last five years raised sugar cane and had a "sorghum mill" on his farm. Using the words "sorghum mill" one might get the idea that there was a real manufacturing institution erected upon this farm, but the record shows that the mill consisted of some rollers, through which the cane was passed in order to extract the juice from which sorghum was made. The power that operated these rollers was the tractor, a "Farm-All", which was used for plowing and other farm work. There is some dispute in the record in regard to just what Taverner was hired to do. It is his claim he was hired only to work at the sorghum mill. There is evidence that he helped during the haying season. True, he admits, and they all seem to agree, that he was not an experienced farm hand. He attempted to milk a cow or two, but was not successful in that line. He received a dollar a day and his board and lodging. He assisted in the cutting of the cane in the field and hauling it to the mill. There are several sorghum mills in the community, all of them upon farms and operated by the farmers themselves. At times Anderson used the mill in making sorghum from cane raised upon his neighbors' farms. But in the case at bar, the cane which was being used at the time the accident happened was raised upon Anderson's farm. He had more sorghum than he could consume himself, and he sold it.

In the case of Sylcord v. Horn, 179 Iowa 936, 162 N. W. 249, 7 A. L. R. 1285, we find that Horn was the owner of a corn-shredding machine. He went from farm to farm as called

for service. The claimant in that case was in his employ as a helper. Yet this court held because the statute (Code Supp. 1913, section 2477-m) provided the compensation act did not apply to those employing "farm or other laborer engaged in agricultural pursuits," that the employee did not come within the compensation act. In the case at bar, the claim seems much further removed than in the case of Sylcord, whose employer was not a farmer, while Anderson is just that and nothing else. Claimant was much more of a farm hand than was Sylcord, who had nothing whatever to do, in a proprietary sense, with farm operations. The contention that Anderson was making sorghum to sell, in part is true of all other operations upon the farm. The farmer gets his living by selling the fruits of his farm operations, in the production of which he must call to his aid sorghum mills as well as other farm equipment.

Since the Sylcord case was decided, the legislature has amended the workmen's compensation act. At that time there was no reference in the law to such exclusions except the simple phrase, "farm or other laborer engaged in agricultural pursuits." At the present time the law reads:

"Persons engaged in agriculture, in so far as injuries shall be incurred by employees while engaged in agricultural pursuits or any operations immediately connected therewith, whether on or off the premises of the employer."

Sorghum making would seem, clearly, to be classified as a farm pursuit, but, if not, how can it fail to classify as an "operation immediately connected therewith"? The legislature saw fit to exempt the farmer from the burdens of the workmen's compensation act. Sugar cane is a farm crop. It necessarily follows that the crop has to be harvested; that is, cut and removed from the land from which it has gained sustenance. Subsequent to that it would have to be fed to livestock on the farm or the juice taken therefrom and made into sorghum. In the case at bar the tops were cut off from the stalks of cane and threshed for the purpose of obtaining the seed for sale, and the remainder of the stalk was pressed and the juice taken therefrom made into sorghum. The claimant assisted in the cutting of the cane, hauling it to the machine, and while engaged in pressing the stalks he was unfortunately injured. He was en-

gaged in an agricultural pursuit, and therefore does not come under the compensation law.

The lower court was right in affirming the decision of the Industrial Commissioner, and judgment and decree of the lower court must be, and it is hereby, affirmed.

ANDERSON, C. J., and KINTZINGER, ALBERT, POWERS, HAMILTON, DONEGAN, RICHARDS, and PARSONS, JJ., concur.