## AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* LEMMING.

No. 12351.   NOVEMBER 25, 1938.   REHEARING DENIED DECEMBER 8, 1938.

*Neely, Marshall & Greene, Barry Wright, Henry J. Fullbright Jr., and Meredith Graham,* for plaintiffs in error.

*Lanham & Parker,* contra.

GRICE, Justice. It is not shown by the record in what particular business the Primrose Tapestry Company was engaged, but it appears that the raising or keeping of turkeys was in no way connected with it. At the time the injury occurred, Lemming was directed by Newton, the president, to go into the woods and procure poles with which to build a turkey-pen, and while returning with the poles his eye came in contact with the branches of a tree, as the result of which his sight was for all practical purposes destroyed. Lemming was employed by the corporation, and at the time of the injury was engaged in a mission in no way connected

with the business of his employer. Under these circumstances it can not be said that the injury resulted from an accident arising out of and in the course of the employer's business, notwithstanding the testimony of the president of the company that the directors knew that he was raising turkeys and using mill labor in connection therewith; that the employee was to do anything he instructed him to do; that he had authority to direct the employee to do anything he saw fit; that the officers and directors called on Lemming to do "all their jobs," and that the odd jobs were not separated from his regular job of keeping the mill and houses in repair. Nor can it be held that the insurance carrier contemplated, when issuing to the corporate employer a policy covering the designated business of such employer, that an injury sustained by an employee while engaged in the performance of a task which was in no way connected with the business of the corporation was covered by such a policy. Section 114-102 of the Code, under the title "Workmen's Compensation," reads in part as follows: "'Injury' and 'personal injury' shall mean only injury by an accident arising out of and in the course of the employment." Under the workmen's compensation law, "although an accident might arise in the course of the employment, the employee will not be entitled to compensation unless the injury arises 'out of the employment.'" *Atlanta Refining Co.* v. *Sheffield,* 162 *Ga.* 656 (134 S. E. 761). Before an injury to an employee is compensable, it must arise both out of and occur during the course of the employment. Neither of these conditions alone is sufficient, but both conditions must concur. *Montgomery* v. *Maryland Casualty Co.,* 169 *Ga.* 746 (151 S. E. 363). The injury sustained by Lemming did not occur at a time when he was fulfilling any duties he owed Primrose Tapestry Company; and that company can not be held responsible for the act of Newton in sending its employee into the woods for the poles, unless Newton acted both in the prosecution of the business of the mill and within the scope of his employment in issuing such a command.

In 1 Schneider's Workmen's Compensation Law, 1019, it is said: "The general rule, governing cases where an employee performs an act outside of the scope of his duties, at the direction of one who has not authority to give such orders, and is injured while so doing, in the mistaken belief that the party giving the orders had authority to give such orders, does not make the accident one arising

out of and in the course of the employment." In Carnaham *v.* Mailometer Co., 201 Mich. 153 (167 N. W. 9), it was held: "Where an employee of a manufacturing corporation engaged to drive a motor-truck and make deliveries suffered an accident in transporting law-books as a favor to a stockholder, it appearing that his superior directed him to deliver the books in such a way as not to interfere with his regular work, such employee was not injured in the course of his employment, so as to be entitled to an award under the workmen's compensation act; for the mere uncompensated favor to the stockholder did not constitute business of the manufacturing corporation." See *Hartford Accident &c. Co.* v. *Thompson,* 167 *Ga.* 897 (147 S. E. 50).

Having reached the conclusion that the injured employee is not entitled to compensation, it is not necessary to deal with the other question, to wit, the correct rule as to the amount of compensation under the facts shown by the record. The judgment of the Court of Appeals is

*Reversed. All the Justices concur, except Russell, C. J., who dissents.*