WESTDALE HOMES, INC., ET. AL. *v.* WIGGINS

[No. 65, October Term, 1948.]

*Decided January 21, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, and HENDERSON, JJ., and EMORY H. NILES, J., of the Supreme Bench of Baltimore City, specially assigned.

*William D. Macmillan, Jr.,* and *David R. Owen,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellants.

*Amos I. Meyers* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment of the Superior Court of Baltimore City affirming an order of the State Industrial Accident Commission, which awarded workmen's compensation to the claimant. The case was heard by the court, sitting as a jury, and presents the question whether a laborer, initially hired by a construction company, is entitled to workmen's compensation from it when he was injured while harvesting crops on a farm separately owned and operated by one of its officials and stockholders. The facts are not in dispute and may be briefly stated.

Westdale Homes, Inc., of Baltimore City, was a corporation exclusively engaged in residential construction in the Baltimore area. It carried compensation insurance on this activity with Aetna Casualty and Surety Company. Allen H. Knight was President, General Superintendent, and the owner of 49% of its stock. Samuel M. Pistorio was Treasurer and owned 51% of its stock. Pistorio and his wife were partners in a lumber and mill work firm under the name of Samuel M. Pistorio, in Baltimore County, carrying compensation with Employers

Mutual Liability Insurance Company. Mr. and Mrs. Pistorio jointly owned a 320 acre farm in Howard County. Westdale Homes had no interest whatever in this farm. In August, 1947, there were three full-time employees on the farm, which was devoted to raising general crops and horses. No compensation was carried on this activity. Apparently it was not unusual for these three enterprises to transfer some employees from one to the other, dependent upon the relative work load. However, in each case the one that had initially employed an individual was reimbursed by the one for which he actually worked, in an amount equal to his wages on that job. The matter of wages was adjusted by bookkeeping entries at the end of the year.

Wiggins was hired by Westdale Homes on July 21, 1947, as a construction laborer, digging footings and sewerage ditches on a home building project in Catonsville. On August 7, 1947, barley was to be threshed on Pistorio's farm, and extra hands were needed. About nine men, one of whom was Wiggins, were taken off their jobs for Westdale Homes and sent to the Howard County farm to work for two days. Wiggins worked on the farm all of August 7th and almost all of August 8th, hauling in barley straw from the fields where it had been baled, and storing it in the barn. While helping to unload a truckload of straw at the barn, Wiggins was hit by a bale, thrown from the truck by a coworker, and injured.

Westdale Homes paid his regular wages for the entire week in the usual manner, but when the corporation books were closed at the end of the year, Pistorio's personal account with Westdale Homes, which showed a balance in his favor, was debited in an amount equal to Wiggins' wages for two days' work on the farm.

The work in which Westdale Homes was regularly engaged was described in the policy issued to it by Aetna as (1) carpentry in the construction of dwellings, (2) grading of land, (3) excavation, (4) sewer construction, and (5) street or road construction. Aetna did not undertake to insure any risks incident to farm labor. The premium

was estimated in advance but adjusted quarterly in accordance with a payroll audit. Presumably the adjustment of accounts between Westdale Homes and Pistorio was ultimately reflected in the premiums paid.

Claim was filed against Westdale Homes and Samuel M. Pistorio, and the two insurance carriers. The Commission disallowed the claim against the lumber and millwork firm and its carrier, but made an award against Westdale Homes and Aetna as "general employer" and insurer, and Samuel M. Pistorio and his wife "special employers". Westdale Homes and Aetna appealed to the Superior Court, and appeal here.

The first contention of the appellants is that the appellee was a "farm laborer" at the time of his injury, and as such, was engaged in an occupation not covered by the Act. Section 67(3), Art. 101 of the Code (1947 Supp.) provides in part:

" 'Employee' means a person who is engaged in an extra-hazardous employment in the service of an employer, carrying on or conducting the same upon the premises or at a plant, or in the course of his employment away from the plant of his employer, and shall not include farm laborers. 'Farm laborers' as used in this Article, shall mean any employees who, at the time of the accident, are engaged in rendering any agricultural service, including the threshing or harvesting of crops, or who, at the time of the accident, are engaged in service incidental to and in connection with agricultural pursuits or developments, whether the employer be the farmer or other person undertaking or contracting with the farmer to perform any such agricultural service, pursuit or development. This Article shall not apply to cutters of cord wood or fire wood, farm laborers, domestic servants, nor to country blacksmiths, wheelwrights or similar rural employments, unless these employments elect to come under this Article as provided in Section 31, nor in any case where the accident occurred before this Act takes effect, nor to casual employees or any employees who are employed wholly without the State".

This language was in the first Maryland Act of 1914 and has remained substantially unchanged.

The only Maryland cases construing this section dealt with situations where services, not necessarily or peculiarly agricultural, were held to be incidental to farm employment, and are not in point. *Beyer v. Decker,* 159 Md. 289, 150 A. 804; *Keeney v. Beasman,* 169 Md. 582, 182 A. 566, 103 A. L. R. 1515. But in the latter case, 169 Md. at page 586, 182 A. at page 568, it was said: "If the employee at the time of the accident was engaged in farm labor as defined by the Act, then by the express and explicit language of the Statute its provisions were not applicable to him." Here the character of the service was unequivocally agricultural, since Wiggins was harvesting a crop. The fact that this was not his regular employment would seem to be immaterial, since the statute seems to make liability depend upon the character of the service "at the time of the accident." The appellee contends that Wiggins was employed by Westdale Homes at the time of the accident, and not by Pistorio, the farmer. Assuming, without deciding, that Wiggins was still the servant of Westdale Homes at the time of the accident, and that the agricultural service rendered was within the scope of that employment, Westdale Homes would still be a "person undertaking or contracting with the farmer to perform" such service. The clause last quoted seems clearly to negative the contention that a farm activity would be covered if incidental to general employment of a non-agricultural nature.

The compensation laws of most of the other states exclude farm laborers from coverage. There is a wide divergence of opinion as to whether casual activity of an agricultural nature is such a departure from the general employment as to constitute the employee a farm laborer and exclude him from the coverage of the Act. See note 140 *A. L. R.* 399; *Dorrell v. Norida Land & Timber Co.,* 53 Idaho 793, 27 P. 2d 960; *Oliver v. Ernst,* 148 Neb. 465, 27 N. W. 2d 622; *Renner v. Board of Com'rs of Lincoln County,* 195 Okl. 400, 158 P. 2d 341; *Evansville Veneer*

168

*& Lumber Co. v. Mullen,* 1946, 116 Ind. App. 616, 65 N. E. 2d 742; *Phillips v. Industrial Commission,* 1945, 75 Ohio App. 131, 61 N. E. 2d 233; *American Mutual Liability Ins. Co. v. Lemming,* 1938, 187 Ga. 378, 200 S. E. 141. Without attempting to review or reconcile these cases, it is sufficient to say that we think the Maryland Act is so specific as to make inadmissible the construction contended for.

Since we find that Wiggins was a farm laborer within the meaning of the Act, it is unnecessary to discuss the other questions argued as to whether there was a transfer of employment from Westdale Homes to Pistorio, or whether the agricultural service was within the coverage of the policy.

> *Judgment reversed and judgment entered reversing the judgment of the State Industrial Accident Commission against Westdale Homes, Inc., and the Aetna Casualty and Surety Company, with costs.*