## VOGELEY v. DETROIT LUMBER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—EVIDENCE—FINDING OF INDUSTRIAL ACCIDENT BOARD.

In proceedings for compensation under the workmen's compensation act for the death of an employee, evidence *held*, sufficient to sustain a finding of the industrial accident board that pneumonia was a contributing cause of death, where there was testimony tending to show that decedent was injured in his right side while at work, that traumatic pleurisy resulted and later developed into pneumonia, upon which typhoid fever set in, both maladies causing death.

2. SAME—APPEAL AND ERROR—CAUSE OF DEATH.

The conclusion of the industrial accident board, on conflicting testimony as to the cause of an employee's death, is final.

3. SAME—REVIEW.

When doctors disagree as to the cause of death of an employee, in compensation cases, it is not for the court to decide.

4. SAME—REHEARING—DISCRETION.

There is no abuse of discretion in denying a motion for rehearing of a case by the industrial accident board because of a change of one member in the personnel of the board after the case is presented and before its decision, since a quorum of the commission who heard the case were members when it was decided.

Certiorari to Industrial Accident Board. Submitted April 6, 1917. (Docket No. 65.) Decided May 31, 1917.

Mary Vogeley presented her claim against the Detroit Lumber Company for the accidental death of her husband in defendant's employ. From an order

awarding compensation, defendant brings certiorari. Affirmed.

*Berger & Milburn,* for appellant.

*Monaghan, Monaghan, O'Brien & Crowley,* for appellee.

BIRD, J.    Harry Vogeley, husband of plaintiff, was in the employ of defendant, Detroit Lumber Company, in August, 1913, in the capacity of helper to the machinists. While in the act of bending over to pick up some blocks of wood lying near a moving belt, the belt broke and struck Vogeley in the face, and some of the testimony shows that he was knocked down. He was helped out into the air by his co-workers, and after a short time he returned to his work. He worked a few days following the accident, when he gave up and went home and his wife called the family physician. The physician found him suffering from traumatic pleurisy of his right side. For a day or two he was treated by the family physician, and afterward at the Manufacturers' Hospital, where the treatment was free. His pain was somewhat relieved by the treatment at the hospital, but he complained of being very weak. The family physician was called in again and found him suffering from typhoid fever. He was then removed to St. Mary's Hospital, where he died five days later.

Plaintiff filed a claim with the industrial accident board, but it was denied by the committee of arbitration. On appeal to the accident board, additional testimony was taken and an award made of $5.13 a week for 300 weeks. The defendant has removed the proceedings to this court, with the claim that the testimony does not support the award because it shows that:

"The death of Vogeley was not the result of per-

sonal injury arising out of and in the course of his employment, but was the direct result of a disease not connected in any way with his employment."

1. After reviewing the testimony, we are of the opinion that it tends to show that the deceased was struck while at his work by a broken belt and injured about the face, nose and right side; that as a result thereof traumatic pleurisy set in and later developed into pneumonia; that, while Vogeley was suffering with pneumonia, typhoid fever set in, and as result of both maladies he died; and that it shows no connection between the typhoid fever and his employment.

But it is strenuously argued that there is no competent proof that the injury to his side was caused by the accident. Upon the first visit of the family physician, Dr. Casey, the deceased told him he was knocked down by the belt and injured. In this way he accounted for the soreness in his side. This was followed by an examination. The doctor, in describing the condition in which he found him, said in part:

"I made an examination of him. His face was sore, his nose, he had an injury to the muscles of the right side, and he was suffering from acute pleurisy; that was all I found. He told me he was injured, he told me he was hurt, and I diagnosed it at that time 'acute traumatic pleurisy.' Every breath he took, he had excruciating pain. I do not know which side it was, his right or left side; I didn't make a note of it at the time. I went over him carefully, but that was the chief complaint, was the injury to his side. The result of the cause indicated an injury."

In this connection, the wife testified that:

When he came home the evening of the day of the accident, "I examined his face and side and saw him when he came home that night. The side was kind of red, but it had not turned black until like the next night, but his face had been already black and scratched, and his nose had been swollen."

To further establish the connection between the injury and death, it was shown by Dr. Polozker, to whom the hypothetical question covering the facts was put, that:

"It is not infrequent that patients who have been suffering from traumatic pleurisy develop pneumonia. I would not say common, it sometimes happens; it is frequent, not common. Pneumonia might have been contributed to or been brought on by this traumatic pleurisy, in my opinion, if the facts are such as have been detailed to me. The patient's chance for a recovery, if he is suffering from typhoid fever and pneumonia at the same time, are not as good as where the patient is suffering from typhoid fever alone. The chances of recovery are a good deal less I should say."

And it was shown by Dr. Leo T. McNicholas, an interne at St. Mary's Hospital, that he diagnosed Mr. Vogeley's malady when he was admitted therein as pneumonia and it was confirmed by Dr. John Lee, the man on the staff. Upon cross-examination, he testified that the cause of death was entered in the hospital records as both typhoid and pneumonia.

Under our liberal construction of the rules of evidence in these cases, we think the foregoing testimony, if believed by the board, supports its finding that pneumonia was a contributing cause of death. *Rayner* v. *Furniture Co.*, 180 Mich. 170 (146 N. W. 665, L. R. A. 1916A, 22 Am. & Eng. Ann. Cas. 1916A, 386). Some of the foregoing testimony is in conflict with the testimony of defendant, and it therefore became a question of fact for the board to determine. The board has passed upon it, and its conclusion must be accepted as final. When the doctors disagree as to the cause of death, in compensation cases, it is not for this court to decide. *Lindsteadt* v. *Lumber Co.*, 190 Mich. 451 (157 N. W. 64); *Deem* v. *Paper Co.*, 189 Mich. 655 (155 N. W. 584).

2. A rehearing was petitioned for on the ground that

the personnel of the board had changed as to one member after the case was presented and before it was decided. This motion was denied. We see no abuse of discretion in its denial, since a quorum of the commission who heard the case were members when it was decided.

The conclusion of the board is affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.