HOMAN *v.* BOARDMAN RIVER ELECTRIC LIGHT &
POWER CO.

Master and Servant — Workmen's Compensation Law — Accidental Death—Review.

> On certiorari to review an award of compensation by the industrial accident board, under the workmen's compensation law, the finding of the board that the death of plaintiff's decedent was the result of an accident, in the absence of fraud, if supported by the testimony, is binding upon the Supreme Court, notwithstanding conflicting medical testimony as to the cause of death.

Certiorari to Industrial Accident Board. Submitted January 15, 1918. (Docket No. 88.) Decided March 27, 1918.

Effie L. Homan presented her claim for compensation against the Boardman River Electric Light & Power Company for the accidental death of her husband in defendant's employ. From an order awarding compensation, defendant and the Fidelity and Casualty Company, insurer, bring certiorari. Affirmed.

*Parm C. Gilbert,* for appellant.

*Patchin & Duncan,* for appellee.

Fellows, J. Plaintiff, as the widow and dependent of John Homan, deceased, was awarded $5.77 per week for 300 weeks by a committee on arbitration selected pursuant to the provisions of the employer's liability act. The award was affirmed by the full board and this writ of certiorari was allowed to review such action by the board.

John Homan was a workman in the employ of the Boardman River Electric Light & Power Company, hereafter called the defendant, on Thursday, August

17, 1916, in the work of repairing the chute in its power dam at Traverse City. He, with other employees, was at the time of the accident fixing the floor of the spillway. Deceased was carrying planks. After laying one down he started to return for another; the floor of the spillway being moist and slippery he fell, striking his head on the side of the chute. He was dizzy for a few minutes and the foreman offered to take him home in his car, but deceased declined the offer and resumed his work and worked until about 11 or 11:30, when he went home to dinner. He then complained of pains in his head, but returned and worked in the afternoon. The following day he did not work. It is to be inferred that weather conditions prevented resuming the work in hand. On Saturday he worked some, but not on the spillway. When at home he complained of pains in his head, also in his back and hip; he was cold and weak and dizzy and had to take hold of things to steady himself. He was irrational and a lump came out at the end of his spine. On either Sunday or Monday following the accident deceased took to his bed and never recovered. His death occurred September 3d. On Monday following the accident Dr. Wilhelm was called and treated Mr. Homan until his death. His testimony tends to show that deceased had a typical case of pneumonia which ran its course and left him so debilitated that he could not recover. Dr. Johnson saw and examined Mr. Homan the day of his death. His testimony tends to show that there were no clinical signs of pneumonia in the lung at the time of his examination; that he and Dr. Holdsworth performed an autopsy on the body of deceased, found no signs of pneumonia in the lung, and there would have been some signs if pneumonia caused his death. It also appears that specimens of the lung tissue were sent to Dr. Warthin, of the university, for microscopical examination; it also appears

that he made a report in writing. The report is not returned to us and is not in the printed record, but from the course of the testimony it is to be inferred that his report was unfavorable to defendant. It seems to have been so treated by both parties. Dr. Johnson made out the death certificate, assigning the cause of death as "peritonitis due to paralysis of brain," which he testifies was his conclusion, based on all the matters found by him.

Defendant urges that it is conclusively established that deceased died from pneumonia which was not the result of the accident. It is urged that Dr. Wilhelm has successfully pointed out that all the facts testified to by the other physicians may be true without in any way contradicting his conclusion that death resulted from pneumonia. It is urged that the death of Mr. Homan was not the result of an injury arising out of and in the course of his employment, that no cause of death is shown which renders defendant liable. Reduced to its final analysis it is the claim of defendant that the finding of the industrial accident board is not supported by the testimony. It is pointed out by defendant that at one place in the opinion of the board it is stated that the board thinks the shock was sufficient to assist in bringing on pneumonia, and it is urged with considerable reason that the testimony fails to support this suggestion. We might agree with defendant that the testimony establishes that if deceased had pneumonia it was not traumatic, but we are more concerned with the findings of the ultimate facts than with each and every detail of the opinion. If the finding of the ultimate facts upon which the award is based finds support in the testimony it is our duty to accept such finding as final, in the absence of fraud. Section 5465, 2 Comp. Laws 1915; *Reck* v. *Whittlesberger*, 181 Mich. 463; *Rayner* v. *Furniture Co.*, 180 Mich. 168. And this rule is applicable where

there is conflicting medical testimony as to the cause of the death. *Vogeley* v. *Lumber Co.*, 196 Mich. 516. In the instant case we are unable to say that there was no testimony supporting the finding of fact of the board that Mr. Homan's death was the result of the injuries received by him on August 17th, while in the employ of the defendant; on the contrary, we are impressed that the testimony of Dr. Johnson and that of plaintiff who described his condition when he was at home, from the time he received the injury until he took to his bed and thereafter until his death, fully supports the finding and award of the industrial accident board.

We find no occasion to disturb the award, and it is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.