LEFFLER v. MORTON SALT CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—CAUSE OF DEATH—CONFLICTING TESTIMONY PRESENTS QUESTION OF FACT.. Where doctors disagreed as to cause of employee's death, and attending physician certified cause of death as cerebral apoplexy induced by alcoholism, but two doctors testified that in their opinion accidental injury resulting in amputation of left arm was contributing cause, question of cause of death was one of fact for department of labor and industry.

Certiorari to Department of Labor and Industry. Submitted January 13, 1931. (Docket No. 87, Calendar No. 35,102.) Decided February 27, 1931.

Marie, John, and Elvina Leffler presented their claim against Morton Salt Company, for the accidental death of Henry Leffler, husband and father, while in defendant's employ. Award to plaintiffs. Defendant brings certiorari. Affirmed.

*Henry R. Baird* (*Don R. Carrigan*, of counsel), for plaintiffs.

*Cady & Pepper* (*George D. Anthony*, of counsel), for defendant.

FEAD, J. Decedent Henry Leffler, 51 or 52 years of age, had worked for defendant for several years as a common laborer. On June 9, 1927, he was given a physical examination by defendant's plant physician, who certified him in normal health. On June 20th, he sustained an accident in his employment which so crushed and lacerated his left arm that amputation above the elbow became necessary. He remained in the hospital until July 3d, when he was taken to his home. His arm was dressed frequently thereafter to and including August 18th by the plant physician, and, during the latter's temporary absence, by the surgeon. Leffler recovered sufficiently to be able to get about the home and streets. Early in the morning of August 19th he arose, but was very sick. The plant physician was called, made two visits an hour apart, but Leffler died. The doctor certified the cause of his death as cerebral apoplexy, induced by alcoholism. Plaintiffs, Leffler's dependents, were awarded compensation for his death. The question is whether there was any evidence before the board from which it could find that the accident to the arm was a contributing cause of death.

The case rests largely in medical testimony. The doctors agreed that the cause of death could have been surely determined only by autopsy. There was no autopsy. So the cause of death rests wholly in medical opinion. The doctors agreed that the immediate cause of death was apoplexy. They disagreed on the secondary cause.

The attending physician testified that on August 19th he found Leffler under the influence of liquor and was told by Mrs. Leffler that her husband had been out the night before and had come in drunk at two o'clock in the morning. The physicians who supported his opinion of the cause of death assumed a condition of acute alcoholic indulgence sufficient to produce apoplexy.

Mrs. Leffler denied both the fact of her husband's intoxication on August 19th and the statements claimed to have been made by her. Much evidence was taken of Leffler's habits of drinking, and it was in sharp dispute. The compensation board discredited the testimony of the attending physician as to the conditions he claimed to have found on the morning of August 19th, and held with Mrs. Leffler and her supporting witnesses on this issue. The resolving of the issue in favor of plaintiffs would tend to impeach the opinion that alcoholism was the inducing cause of the apoplexy.

Two other doctors were of the opinion that the accident was a contributing cause, and may have been the sole cause, of the apoplexy. They said they took into account the result of the physical examination of Leffler on June 9th, the character of his injury, testimony that the wound was discharging pus when he left the hospital, that matter appeared upon the bandages, that the number of dressings indicated unsatisfactory healing, that Leffler had

much pain which caused him to lose sleep, his appearance on the morning of his death as described by the attending physician, the result of such examination, testimony as to his drinking habits, and the other evidence.

The examination of the doctors was exhaustive and covered a wide range. They expressed their opinions as to the general causes of apoplexy and the effect of various conditions, upon which there was testimony, in relation to it.

The whole record renders particularly applicable the statement in *Vogeley* v. *Detroit Lumber Co.,* 196 Mich. 516, that where the doctors disagree as to the cause of death, it is a question of fact for the board.

The award is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.