**LOGSDON, Appellee v. INDUSTRIAL COMMISSION, Appellant.**

Ohio Appeals, First District, Butler County.

No. 869. Decided November 27, 1943.

Mr. Dale Stump, Columbus, and Mr. C. J. Wardlow, Columbus, for appellee.

Mr. Thomas J. Herbert, Columbus, and Mr. Robert E. Hall, Columbus, for appellant.

## OPINION

By HILDEBRANDT, J.

Appeal on questions of law from a judgment entered on the verdict of a jury finding plaintiff to be entitled to participate in the State Insurance Fund under the provisions of the Workmen's Compensation Act.

Plaintiff suffered a ten foot fall from a ladder to a cement floor, resulting in a compensable injury on May 28th, 1930, and filed claim for compensation therefor with the Industrial Commission on June 9th, 1930. The jurisdictional facts were found in his favor and between that date and April 17th, 1940 he was allowed and paid the maximum amount fixed by law for disabilities less than permanent and total, including more than $200.00 for medical expense. Such disability consisting of limited motion of hip and ankle joints, withering of leg above and below the knee, with a consequent one inch shortening of the leg causing a tilting of the pelvis bones and scoliosis of the spine. On May 31st, 1940, plaintiff invoked the continuing jurisdiction of the Industrial Commission by filing an application for modification of previous award, claiming to be permanently and totally disabled by reason of the aggravation and acceleration of a pre-existing latent bronchial or asthmatic condition of the lungs which in turn affected the heart producing enlargement, irregular action thereof, myocardial degeneration, nitral insufficiency and congestive heart failure, all caused by the original injury and connected thereto by reason of the shock, nervousness, hospital confinement, inability to walk and forced confinement and idleness incident thereto.

On original hearing the Industrial Commission made the following finding and order:

" 'After round table conference and careful consideration of proof of record, the Commission finds that as a result of the injury in question, claimant has certain disabilities of the

right leg and hip which are only partially disabling, and that the claimant has been compensated in the maximum amount allowed by law for such partial disability.

"It further appears that the claimant has asthma, and a beginning arterio-schlerosos, heart disease, which disabilities, added to the disabilities of the leg cause the claimant to be permanently and totally disabled. However, it is the finding of the Commission that such asthma and heart condition are not related to the injury in question, and there is, therefore, no basis for the payment of further compensation.' "

On seasonable application for rehearing granted and held the Industrial Commission on February 6th, 1943, made the following finding or order which was seasonably appealed to the Court of Common Pleas:

"After Round Table Conference, the Commission orders that the claim be disallowed on rehearing, for the reason that the claimant's disabilities resulting from asthma and a heart ailment are not the result of the injury in this case."

The Industrial Commission apparently acquiesced in the view that the denial of the claim for modification of award on original hearing was on grounds going to the basis of claimant's right to continue to receive compensation, hence, on jurisdictional grounds, giving the right to rehearing and likewise the denial on rehearing to be of the same character, giving the right of appeal to the Common Pleas Court.

The pleadings raise the jurisdictional question which the court will always notice, and, while jurisdiction cannot be conferred by consent, we will take the position this court took in **Newman v Industrial Commission, 60 Oh Ap 104**, that the Common Pleas Court had jurisdiction to hear claimant on appeal, and the question here goes to the right of appeal, and also, while the court feels that the door to debate has not been completely closed, will follow the line of cases cited post and not question the appealability of the order made following rehearing. **Industrial Commission v Phillips, 114 Oh St 607; State ex Araca v Industrial Commission, 125 Oh St 426; State ex Cezkovsky v Industrial Commission, 126 Oh St 434; State ex Randolph v Industrial Commission, 128 Oh St 27; State ex Depalo v Industrial Commission, 128 Oh St 410; Humphries v Wheeling Steel Corp., 132 Oh St 263.**

The parties hereto agreed by stipulation as to the jurisdictional facts, and payment of compensation as to the original.

606

.finding of the Commission on the application to modify a previous award and the granting of a rehearing.

Turning now to the pleadings: In addition to the admitted facts, the petition alleged the injuries and aggravation and acceleration as the proximate cause thereof, together with the order on rehearing noted supra, and contained the following:

"Plaintiff says that said orders of the Industrial Commission constituted a denial of its jurisdiction of that part of said claim relating to disability caused by asthma and heart ailment, and a denial of its authority thereby to inquire into the amount of compensation, including disbursements for medical, nurse and hospital services and medicine to be paid on account of said conditions, and a denial of plaintiff's right to continue to receive compensation for such reason:
* * *

"WHEREFORE, plaintiff prays that his cause be tried to a jury to determine whether his asthma and heart ailment were the result of his said injuries and to determine his right to continue to participate in the state insurance fund for the payment of compensation, including medical, nurse and hospital services and medicine for disability and treatment due to said asthma and heart ailment."

The pertinent parts of the answer are as follows:

"that he filed with this defendant an application for compensation from said state insurance fund and that compensation was paid and further proceedings had therein as set forth in his petition.

"The defendant denies each and every allegation contained in said petition except those herein specifically admitted to be true."

Decision of this case involves consideration of §1465-86 GC, and §1465-90 GC, as existing at the date of the injury (111 Ohio Laws 227, effective July 14th, 1925) and this Court believes §1465-89 GC, as well. The pertinent parts of those sections are as follows:

"Sec. 1465-86. The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified. Provided, however, that no such modification or

change or any finding or award in respect of any claim whether filed heretofore, or hereafter shall be made with respect to disability, compensation, dependency or benefits, after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death; or ten years after the injury in cases in which no compensation ever has been awarded and the commission shall not make any such modification, change, finding or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor which is filed after this act becomes effective. Nothing herein shall be construed to affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided such application is filed within the ten (10) year period provided in this section."

"Sec. 1465-89. In addition to the compensation provided for herein, the industrial commission of Ohio shall disburse and pay from the state insurance fund, such amounts for medical, nurse and hospital services and medicine as it may deem proper, not, however, in any instance, to exceed the sum of two hundred dollars unless in unusual cases, wherein it is clearly shown that the actually necessary medical, nurse and hospital services and medicine exceed the amount of two hundred dollars, such commission shall have authority to pay such additional amounts upon a satisfactory finding of facts being made and upon unanimous approval by such commission, such finding of facts to be set forth upon the minutes; and, in case death ensues from the injury, reasonable funeral expenses shall be disbursed and paid from the fund in an amount not to exceed the sum of two hundred dollars, and such commission shall have full power to adopt rules and regulations with respect to furnishing medical, nurse and hospital service and medicine to injured employees entitled thereto, and for the payment therefor."

"Sec. 1465-90. The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be final. In all claims for compensation on account of injury, or death resulting therefrom, if the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of the claimant to receive compensation or to continue to receive compensation for such reason, then the claimant may within thirty days after receipt of notice of such finding of the commission, file an

application with the commission for a rehearing of his claim, whereupon the former action of the commission thereon shall be vacated and the commission shall fix a date for rehearing of such claim and give the claimant and his employer at least one week's prior notice thereof; * * *. Such hearing shall be had and the evidence for and against the allowance of the claim submitted as in the trial of civil actions. * * *

"If the commission, after such hearing, finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the Common Pleas Court of the county wherein the injury was inflicted, or in the Common Pleas Court of the county wherein the contract of employment was made in cases where the injury occurs outside the state of Ohio. * * *

"Within ten days after the filing of the answer the Industrial Commission shall certify to such court a transcript of the record of such rehearing, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record and no other evidence; * * *. If the finding of the court or the verdict of the jury is in favor of the claimant's right to participate or to continue to participate in such fund, the court shall certify such finding or verdict to the Industrial Commission and the commission shall thereupon order compensation to be paid in the manner provided by this act for the payment of other awards, and such certificate of the court shall be entered in the record of judgments of such court and shall for the purpose of error proceedings, be in lieu of final judgment in such cause."

The cause was tried and submitted to the jury with special charges and a general charge on the question of "permanent and total disability," as a jury issue and two interrogatories on that question submitted by plaintiff who nevertheless objected to the inclusion of that question as a jury issue.

The following are the assignments of error in the case:

"1. The judgment of the trial court is contrary to the manifest weight of the evidence.

"2. The judgment of the trial court is contrary to law.

"3. The Common Pleas Court erred in overruling defendant's motion for a directed verdict in its favor, both at the

close of the plaintiff's testimony and at the close of all the evidence.

"4. The Common Pleas Court erred in its general charge to the jury, particularly in its instructions as to what constitutes permanent and total disability.

"5. Other errors apparent on the face of the record."

Defendant, appellant, contends that in view of the admitted fact of maximum payments allowed by law for disabilities less than permanent and total disability, the issue made by the pleadings was whether or not plaintiff on and after date of last payment, April 17th, 1940, was permanently and totally disabled as the proximate result of the injury of May 28th, 1930. No reference is made to causal connection between the asthmatic and heart condition with the injury of May 28th, 1930 as an issue.

Appellant in the brief then quotes from the testimony of three doctors, contending that in only one instance was testimony of causal connection offered and in no instance was testimony as to the extent of the disability or the prognosis as to permanency particularly and totality offered.

The case of **Furnis v Industrial Commission, 71 Oh Ap 146,** decided by the Marion County Court of Appeals, April 30th, 1942, is cited as involving not only the same issues, but the same counsel, and as decisive of this cause because the court did not follow the appellee's contention that all plaintiff had to prove was that after date of last payment, he was still disabled as a result of the injury, hence, the causal connection, the sole jury issue, leaving the extent whether permanent and total or less to the sole determination of the Industrial Commission. The Furnis case is apparently identical with the instant case, although neither the injuries involved nor the pre-existing latent conditions of claimant are described and possibly have nothing to do with the principles of law involved in the decision. The original order in that case was:

"That the commission find from proof of record that claimant, having received the maximum amounts of compensation for temporary total disability and temporary partial disability as provided by law, is not permanently and totally disabled as a result of his injury of May 20, 1929, and has been adequately compensated for all disability resulting from said injury."

And the order on rehearing in that case is as follows:

"That the claim be disallowed upon rehearing for the reason that claimant's present disability is not the result of injury."

At page 152 of the opinion in the Furnis case, it is stated:

"The order of the commission made upon rehearing, in law constituted a finding that the commission had no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, which, under the provisions of the applicable statute constituted an order from which an appeal might be taken to the Common Pleas Court of the county wherein the injury was inflicted. The nature of this order was such as to preclude the commission from considering the question as to whether the plaintiff was totally and permanently disabled, so no implication can arise that the commission decided that question."

If the Commission did not decide that question, how can it be logically said an appeal is pending on that question, making it an issue in the case?  Rather, isn't the appeal on the refusal to so decide by reason of being precluded from so deciding, the extent of the disability being solely for the commission under §1465-90 GC, for the reason that the present disability was not the result of the injury?  Isn't reason for the denial of jurisdiction the sole and proper issue for the jury?  In the **Depalo case, 128 Oh St 410, at page 420** of the opinion, it is stated:

"There is no presumption that an order of the Commission denying the right to continue to receive compensation is based upon jurisdictional grounds.  The reason for the denial is a jurisdictional fact, and like any other essential fact, when placed in issue, must be proved.  The later case of **State ex Cezkovsky v Industrial Commission, 126 Oh St 434, 185 N. E.,** 807, is a more complete expression of the law and is followed herein."

At pages 153 and 154 of the opinion in the Furnis case it is stated:

"As shown by the pleadings and the evidence in the instant case the plaintiff had received the maximum amounts of compensation for temporary total disability and temporary partial disability, as provided by law, and consequently

he was not entitled to continue to participate in the workmen's compensation fund unless he was permanently and totally disabled as a result of his injury on May 24, 1929.

"Consequently under the statutory provisions above referred to, the question for determination of the jury, upon the transcript of the record of rehearing, was whether the claimant had a right to continue to participate in such fund, which necessarily involved a determination by it as to whether the plaintiff was permanently and totally disabled, and if permanently and totally disabled, whether such disability resulted from the injury."

The quotation immediately above is obviously the reason for considering the question of permanent and total disability as an issue raised by the pleadings, necessary to a determination of the right to participate in the fund and for the jury to decide. We question the propriety of that view.

Our Supreme Court has many times held that the sole issue in a Workmen's Compensation case is whether claimant is entitled to participate or continue to participate in the State Insurance Fund. The most recent case before this Court being **Parletto v Industrial Commission, 140 Oh St 12.** The first paragraph of the syllabus is:

"In a workmen's compensation case, the sole issue is whether the claimant is entitled to participate or to continue to participate in the state insurance fund. §1465-90 GC."

The first paragraph of the syllabus in **State ex Kauffman v. Industrial Commission, 121 Oh St. 472,** is:

"By virtue of §1465-90 GC, in cases heard on appeal to a common pleas court from the Industrial Commission, the jury may only find whether or not the claimant is entitled to participate in the workmen's compensation fund, and the court may only pronounce judgment whether the claimant is entitled to participate in the workmen's compensation fund and to be paid in the manner provided by the workmen's compensation law."

And, at pages 474 and 475 of the opinion in that case, we find the following statements:

"In this case the writ can only be awarded if the judgment already referred to found that Kauffman was permanently and totally disabled. The judgment speaks for itself. It only finds that Kauffman is entitled to participate in

the fund and to be paid in the manner provided by the Workmen's Compensation Law. It is true that the petition in the court of common pleas alleged that he was permanently and totally disabled, and the answer denied that allegation. Those allegations are not conclusive. * * * The extent of further disability and the extent of further compensation could only be ascertained by the commission. * * * We are not concerned with the wisdom of §1465-90, but, even if that statute did not define the duty of the court in such specific terms, it is difficult to see how the jury could determine the length of time that the claimant would continue to be disabled. Any attempt on the part of the jury to determine the condition of the claimant for any future period would necessarily be speculative."

In the case of **Noggle v Industrial Commission, 129 Oh St. 495,** the entire opinion of Judge Jones is applicable to the Furnis and the instant case—particularly pertinent at this point in our discussion of the Furnis case is that part of the opinion at pages 500 and 501, as follows:

"Here the issue was whether the claimant was permanently and totally disabled. The commission found he was not. He appeals and the trial court finds he was totally disabled and awards him compensation, in conformity with the statute, for total disability for life. Can such judgment be modified by the commission under its continuing jurisdiction should it thereafter appear that the claimant had wholly recovered? If the amount of disability compensation be appealable, as claimed, and the efficiency of the continuing jurisdiction be also upheld, the extent of disability would be bandied between commission and court after each order of denial. These features clearly demonstrate it was never the intention of the Workmen's Compensation Law to permit appeals from orders of the commission relating to the extent of disability and the amount of compensation which a claimant should receive, and furnish a convincing reason for the inclusion of the clause in §1465-90 GC, providing that the commission has full power to determine all questions within its jurisdiction and that its decisions thereon should be final. For what boots it if, having taken jurisdiction, the commission's finality of decision is set aside by a jury's verdict on appeal?"

We feel that the views set forth in the Furnis case, supra, to the effect that in a case where the maximum payments allowed by law for disabilities, less than permanent and total, have been paid, further participation in the fund depends upon

the fact of permanent and total disability at the time application for modification of award is made, fall short of being an accurate conception of what is meant by the right to participate, or what constitutes participation in the fund. That view seems to comprehend weekly payments as the test of participation. We feel otherwise. In **State ex Butram v Industrial Commission of Ohio, 124 Oh St 589,** at page 593 of the opinion it is stated:

"In ordinary cases, where these elements are found in claimant's favor, the statutes are peremptory in requiring the commission to award compensation. Its finding upon the extent of the disability and the amount of compensation is final, whether large or small. If the injuries are slight, causing the appellant no loss or diminution of wages, and no expense for medical or surgical attention, the commission may entertain jurisdiction and yet deny compensation altogether, and its judgment would still be final."

It is conceivable too, that limiting the Furnis case to the issue of causal connection, and that being decided favorably to claimant, the Commission then finding less than permanent and total disability might still find the case was so unusual that a unanimous commission allowed further medical treatment and expense. Also, that instead of being forever cut off by the running of the statutory time, following the denial on rehearing limited to the question of causal connection, a subsequent alteration or change in the disabilities upon which proof was offered and the causal connection found, on application for modification at a later date, within ten years of the last payment of compensation, perhaps the unanimously allowed medical expense above mentioned, the continuing jurisdiction of the commission thus capable of being invoked, claiming those same disabilities now altered and changed, amounts to one of the rights of participation. From the foregoing, it may be seen then that even where maximum payments have been made for disabilities less than permanent and total, other participation than by weekly payments for permanent and total disability is possible. It then follows that the extent of disability, whether permanent and total or not, is not a necessary issue involved in determining the right to participate. Nor is the continuing jurisdiction of the commission a mere hollow right without discernible benefit to claimant akin to the right of every citizen to the equal protection of the laws, because a claim based on certain disability has been denied as not being causally connected, and

unless reestablished on appeal the jurisdiction to consider an alteration or change in those certain disabilities is not continuing, but after the time for appeal has run they may not again be made the subject of an application for modification of award.

While under the provisions of §1465-90 GC, the original order of the Commission on the application for modification of award is vacated by the granting of a rehearing, in looking to the whole record to determine the effect of the order on rehearing, we find the Commission decided what it had before it, viz., the extent of the disability, claimed to be permanent and total, in favor of the applicant and then denied the right to participate on that basis by reason of no causal connection between that part of the permanent and total disabilities due to asthmatic and heart conditions. The Court in the Furnis case said such finding in law amounted to a denial of jurisdiction to determine the extent of disability; this view is that the extent has been determined, but a denial of jurisdiction to pay for it has occurred. That being true, the only issue for the jury is the reason for the denial of the jurisdiction to pay.

It is therefore error to inject that question in the case, as a jury issue, and to charge thereon specially or generally. However, appellant is in the position of having invited the error, and, therefore, may not take advantage of it. **Woodward v Gray, 46 Oh Ap 177; 2 O. Jur., Sec. 593, p. 640,** and supplement, Section 593, and citations thereunder.

While of the opinion that the issue submitted of total and permanent disability was a false or alien issue and improperly submitted in the case, since it was so submitted, appellant is entitled to have it correctly done so in manner and form, we, therefore, examine the general charge of the court defining that issue, about which appellant complains in assignment of error No. 4.

The Court charged:

"Now in connection with the issue as to whether plaintiff has proved by a preponderance of the evidence that he is permanently and totally disabled, the Court tells you that if you find that plaintiff has proved by a preponderance of the evidence that he became disabled to such an extent as prevent him from doing substantially all the necessary and material things in connection with the work that he had been pursuing and the activities in which he was engaged up to the time that he did become disabled, should you find by the greater

weight of the evidence that he did so become disabled, requiring his own exertion, in substantially his customary and usual manner, then the Court instructs you that such disability would be total. In reference to the word 'permanent', the Court tells you that means that total disability need only be for an indefinite and indeterminate period and need not be of lifelong duration."

As to the definition of "total" contained in the charge, we find it substantially correct, and while critical of the inclusion of the words "requiring his own exertion, in substantially his customary and usual manner," do not find such inclusion to constitute prejudicial error. However, the charge on the word "permanent" appears to be indefinite, and incomplete, in failing to include some instruction indicating that circumstances justifying a reasonable inference as to continuance for an extended period of time, attended with probabilities of lifetime duration, should have been included. This amounts to affirmative prejudicial error.

The medical testimony adduced from four doctors with reference to causal connection between the asthmatic and heart conditions of plaintiff and the injury is conflicting. The doctors are, however, in substantial accord in the view that the heart condition could not be directly connected to the injury, but only indirectly so through the asthmatic condition as aggravated thereby. Also, the doctors are in substantial accord that any asthmatic aggravation from the injury would come from the enforced bedrest and idleness attended upon it rather than from the trauma itself, the major portion of which occurred within a few months of the date of the injury, following which plaintiff accepted compensation for years for partial disability due to trauma alone, although now claiming to have been totally and continuously disabled from the date of the accident, and one of them stated that hospitalization was the usual treatment. All doctors seemed to agree too that the passing of years could tend to aggravate those conditions irrespective of injury.

Without intruding into the function of the jury to decide between apparently conflicting testimony, we feel that the record fails to reveal substantial evidence sufficient to justify the general finding of the jury for the plaintiff on the causal connection of the claimed disabilities with the injury and is, therefore, against the weight of the evidence. The Court not being unanimous in that view, no reversal may be had on that ground.

Understanding that Judge Matthews shares the view that the issue of total and permanent disability should not have been submitted to the jury, for the reason that the order in the case was not appealable, and that he concurs in the finding of error in the general charge, prejudicial to the appellant, the judgment will be reversed.

Judgment reversed and cause remanded for a new trial.

Finding this decision in conflict with that of the Marion County Court of Appeals in the case of **Furnis v Industrial Com., 71 Oh Ap 146,** this cause will be certified to the Supreme Court.

MATTHEWS, J., concurs in judgment of reversal, and in the certification of the case to the Supreme Court on the ground of conflict.

ROSS, P. J., dissents in separate memorandum.

ROSS, P. J. (dissenting). I dissent from the conclusion of the Court finding that the judgment of the Court of Common Pleas of Butler County should be affirmed. I concur in the decision to certify, in that the majority opinion is contrary to **Furnis v Industrial Commission, 71 Oh Ap 146.**

It seems to be conclusively held that an appeal to the Court of Common Pleas from a finding of the Industrial Commission involves law fixing the rights of claimant in existence at the time the original application of claimant was filed. **State ex Longano v Industrial Commission, 135 Oh St 165; Sergi v Industrial Commission, 136 Oh St 546.** The same rule is followed in claims for unemployment compensation. **State ex The Cleveland Ry. Co. v Atkinson, Admr., etc., 138 Oh St 157.**

If such were not the case, the decision in the case of **State ex Moore v Industrial Commission, 141 Oh St 241,** would be largely dispositive of the issues here presented.

While I have concurred in the certification of this case to the Supreme Court, because the majority opinion is in conflict with the Furnis case, supra, I agree with the reasoning and conclusion of Judge Guernsey in that case.

In **State ex Waller v Industrial Commission of Ohio, 142 Oh St 193,** the denial of jurisdiction was upon exactly the same basis as that in the instant case—to-wit: "that his disability was not the result of the injury sustained."

The Commission had previously found that the claimant was permanently and totally disabled. However, this became an issue in the trial court as all other elements sustaining his right to an award and the issue of permanent and total disability were issues to be presented to the jury.

Had the evidence presented on rehearing and examined

by the jury in the trial court shown the claimant was not an employee, or that the injury was not incurred in the course of his employment and by reason thereof, or that the employer was not within the act, the jury must have decided against the claimant.

As to the charge of the court: While I do not approve it, foł the reasons given in the majority opinion, I do not consider that error appears affirmatively therein to the prejudice of the appellant. The charge could have been amplified, but no request appears on the part of appellant for a more extended charge on the points now assigned as error.

It is my conclusion that the judgment should be affirmed.