**PHILLIPS, Appellee v. INDUSTRIAL COMMISSION, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6397. Decided July 3, 1944.

144

J. I. Williams, Cincinnati, and H. P. Karch, Cincinnati, for appellee.

Thomas J. Herbert, Columbus, Robert E. Hall, Columbus, and Edward A. Schott, Columbus, for appellant.

## OPINION

By ROSS, P. J.

The plaintiff was awarded participation in the State Insurance Fund by the Court of Common Pleas of Hamilton County, Ohio.

The case was tried to the Court without the intervention of a jury. The appeal is on questions of law from the judgment of the Court of Common Pleas. The Court journalized its finding. Motion for judgment in favor of the defendant was made, notwithstanding the finding of the Court in favor of plaintiff, and overruled.

From the evidence, it appears that the claimant on the 21st day of February, 1930, suffered a severe injury to his jaw, when the handle of a waste paper-bailer slipped and struck him in the face. He was confined to a hospital for sixteen days. At the trial, the plaintiff still complained of pain in his jaw, and stated that some of his teeth had been knocked out by the blow from the bailer handle, and the others extracted because of infection in his gums.

Shortly after leaving the hospital, the plaintiff had occa-

sion to visit a grocer. He complained of pain in his jaw, and the grocer recommended the use of Jamaica Ginger. The plaintiff purchased a small bottle and drank the same. Shortly thereafter, he became afflicted with a species of paralysis, commonly known as "jake legs" and the result is that he now walks with two canes.

He applied for compensation and was given compensation on a temporary total basis to May 4, 1930, and on a temporary partial basis to March 1, 1942.

The procedural history of plaintiff's connection with the Industrial Commission is as follows:

"March 20, 1939. An application to modify the award was filed and on February 14, 1940 said application was granted allowing claimant $9.00 per week on a temporary, partial basis to January 1, 1941.

"March 20, 1940. An application to further consider the claim was filed and on said application on April 26, 1940, the Commission ordered that the previous order of February 14, 1940, be modified and ordered the payment of $4.00 per week on a temporary, partial basis to January 25, 1941, and further finding that the disability resulting from "Jake" paralysis is not a result of the injury for which the claim was filed.

"June 1, 1940. Plaintiff filed an application to modify and for a rehearing, basing said application upon the order of April 26, 1940. The application to modify was denied on November 1, 1940 and the application filed on June 1, 1940 for a rehearing was on November 20, 1940, dismissed because the claim had been considered since the order of April 26, 1940.

"Nov. 27, 1940. Plaintiff filed an application for a rehearing and on December 16, 1940 the said application was dismissed for the reason that the order from which said application was filed is not appealable and does not deny jurisdiction of the claim.

"July 21, 1941. Plaintiff filed an application to modify the award and on October 30, 1941, the Commission dismissed the application for modification filed July 21, 1941 and set aside its order of June 1, 1940, wherein the Commission dismissed the application for a rehearing and then granted plaintiff a rehearing and assigned the claim for the taking of testimony.

"The plaintiff offered his testimony on rehearing on February 5, 1942, at which time he testified that he was receiving compensation from the Industrial Commission and that his only desire was to secure more compensation.

"Oct. 26, 1942. The Commission denied claimant's right to participate in the Fund after rehearing of this action for the reason that proof on file does not show that claimant's present disability is due to the injury of February 21, 1930."

It is the contention of the Commission that this procedure does not present a basis for jurisdiction in the court of common pleas to review the conclusions of the Industrial Commission on rehearing, for the reason that it had no jurisdiction over the subject-matter of the action.

It is clear that the evidence presented on rehearing and before the court of common pleas shows that at the present time the claimant is almost entirely incapacitated to·do any kind of work. It is also clear that the Commission refuses to recognize this present incapacity as due to the original injury received, when claimant was struck on the jaw by the handle of the bailer.

The proceeding in the court of common pleas is based upon the action of the Commission upon claimant's application to modify a previous award filed July 21, 1941.

As far as the record shows, the Commission has refused to exercise jurisdiction, although it did grant a rehearing of its action upon the application to modify the award. The entry of the Commission made October 26, 1942 reads:

### "FINDING OF FACTS AND MINUTES

"This day this claim comes on to be heard on the transcript of testimony and evidence on rehearing and report of the Referee, and was considered by the Commission.

"On consideration thereof, the Commission finds:

"It is ordered that the claim be disallowed on rehearing, for the reason that proof on file does not show that claimant's present disability is due to his injury of February 22, 1930."

The effect of this final order of the Commission was to deny claimant further participation in the Workmen's Compensation Fund, for the reason that his present disability is not due to the original injury. If it is, he is entitled to participate. If it is not, he is not entitled to participate. A question similar to that here considered has been passed upon by this Court. In **Logsdon v. Industrial Commission**, No. 869, Butler County Court of Appeals, decided by this Court November 27, 1943, **40 Abs 602**, certified to the Supreme Court, **143 Oh St, 508**, at least two of the Judges of this Court, while disagreeing upon other matters, were unanimous in their con-

clusion upon the question of jurisdiction, as expressed in the first paragraph of the syllabus in the case of **Furnis v. Industrial Commission, 71 Oh Ap, 146:**

"A finding by the Industrial Commission upon rehearing under §1465-90 GC, (111 Ohio Laws, 227), that a claim for compensation be disallowed for the reason that claimant's present disability is not the result of the injury constitutes, in law, a finding that the commission had no authority to inquire into the extent of disability or amount of compensation claimed, and was an appealable order."

The Logsdon case was certified for conflict with the Furnis case, because of the submission of issue of permanent and total disability to the jury.

To say that the Commission exercises jurisdiction when it emphatically states it does not and **can not,** because the present condition of claimant is not due to the injury, is to ignore the effect of the final order.

The Commission has denied jurisdiction, because of the positive finding that the claimant is not entitled to compensation for his present condition. If the Commission had awarded claimant any compensation for his present condition, then the court of common pleas could have had no jurisdiction of the subject-matter of the appeal.

Now is claimant's present condition due to the original injury? Here is what he says:

"Q. You have a condition in your legs, haven't you, Mike?
A. Yes.
Q. Can you state when that occurred?
A. Yes, that occurred coming out of the hospital. See I coming to the grocery store; grocer man says, 'What is the matter, Mike?' I told him, 'busting my mouth.' He says, 'I got Jamaica Ginger, you try—may be you swell out.' I am taking that bottle of Jamaica Ginger and bring me home, put him little bit water and drink. The next day I come to the grocery store. He says, 'You better or no?' 'That Jamaica Ginger no good for me at all' I told. He says, 'Well if no good for you at all quit.' I says, 'Okeh.' After the 27th of May I feel my feet bad.
Mr. Schott. Motion to strike answer.
The Court: Strike it all except 'yes, that occurred coming out of the hospital.'
Mr. Karch: I except to that rule and proffer the answer.

Q. Were you suffering pain at that time when you took this Jamaica Ginger?

Mr. Schott: Objection.

The Court: Sustained.

Q. Were you suffering pain?

Mr. Schott: Objection.

A. No, no suffering pain.

Q. I don't believe you understood the question. Were you suffering pain when you talked to the grocery man?

Mr. Schott: Objection.

The Court: Sustained.

Q. Did you think that that would help you when he told you to drink that?

Mr. Schott: Objection.

The Court: Sustained.

Mr. Karch: Exception and proffer.

A. Why sure.

Q. How much did you drink?

Mr. Schott: Objection.

The Court: Overruled.

Mr. Schott: Exception.

A. One bottle.

Q. How big a bottle was it?

A. Like my finger, small bottle.

Q. Small bottle?    A. (indicating).

Referee: Indicating a bottle the size of his first finger.

Q. Do you have any pain in those legs, Mike?

A. No.

Q. Now, how do you get around, Mike? How do you walk?

A. I walk all right.

Q. And you use any crutch or cane?

A. No, I use 'em cane.

Q. How many canes?

A. Two."

The Court was in error in sustaining objection to the evidence offered. However, as the judgment was in favor of the claimant, no prejudicial error intervened. We do know the circumstances under which the claimant took the ginger. These present an instance commonly known to all of us, the taking of friendly non-professional advice for various ailments. Use of it many times is good, sometimes, bad and injurious.

No question of negligence is involved here. The problem is one of good faith and causation. It cannot be seriously suggested that the condition now endured by claimant was the result of a self-inflicted injury. The claimant vountarily took the Jamaica Ginger. Whether he was mistaken as to the

manner in which it was to be used, or in the effect is immaterial. He took it to relieve the pain in his jaw, caused by the injury suffered when he was struck by the handle of the bailer. Suppose he had used morphine for the same purpose and died. Can it be logically claimed that any such final results did not have a causal origin in the original accident?

Our conclusion is that the claimant's present total incapacity is due directly to the original injury; that he is entitled to an award of compensation, and that the judgment of the Court of Common Pleas should be affirmed.

HILDEBRANT, J., concurs.
MATTHEWS, J., dissents.