YARBROUGH *v.* POLAR ICE & FUEL COMPANY

[No. 17,749.  Filed May 24, 1948.]

*Morton & Tumbove,* both of Indianapolis, attorneys for appellant.

*Murray, Mannon, Fairchild & Stewart,* all of Indianapolis, attorneys for appellee.

CRUMPACKER, J.—The facts in this case are undisputed and in substance are as follows: On the 10th day of December, 1945, the appellant, Willard M. Yarbrough, was in the employ of the appellee, Polar Ice & Fuel Company and on said day he sustained an injury to his right knee through an accident arising out of and in the course of his employment. As a result thereof he was temporarily totally disabled up to and including January 20, 1946, during which time the appellee

paid him compensation under an agreement duly approved by the Industrial Board. Although his knee was still stiff, sore and swollen and, as a result of said accident, was weak and uncertain, he returned to work on January 24, 1946, and worked steadily every work day through June 14, 1946. During this period he fell down several times because his injured knee, due to its weakened condition, suddenly gave way. Upon returning to his home after work, in the late afternoon of June 14, 1946, he attempted to carry an armload of trash down the stairs leading to the basement when his right knee again gave way and he fell the length of said stairs striking his head against a drain pipe with such force that his jaw was fractured. He neither slipped, stumbled nor tripped over anything preliminary to this fall. His right knee merely gave way as it had done on previous occasions and the injury thereto was in no way aggravated by his fall. Due to his broken jaw the appellant was totally disabled from June 14, 1946, to the last week in October, 1946, when he returned to his old job with the appellee. In the meantime the condition of his right leg had not improved and his foreman sent him to a doctor employed by the appellee who operated on his knee and the appellee then resumed the payment of compensation for the leg injury but refused to concede liability for the broken jaw. The appellant thereupon brought the present action which is concerned solely with his right to compensation for time lost and medical expenses incurred by reason of the second accident and its resulting injury.

The appellant insisted below and contends here that the law applicable to the facts as heretofore stated, concerning which there is no dispute, compels an award in his favor as a matter of law. The Industrial Board concluded otherwise and found "that the injury that

the plaintiff sustained on June 14, 1946, was not due to, nor did it have any causal connection with, the said accidental injury on December 10, 1945," and entered an award accordingly.

It seems to be well settled that a subsequent incident or accident which results in a new, different or additional injury is compensable if it is of such nature and occurs under such circumstances that it can be considered as the proximate and natural result of the original injury. *Marshall* v. *City of Pittsburgh* (1935), 119 Pa. 189, 180 Atl. 733; *Cont. Cas. Co.* v. *Ind. Comm. of Utah* (1930), 75 Utah 220, 284 Pac. 313; *Chiodo* v. *Newhall Co.* (1930), 254 N. Y. 534, 173 N. E. 854; *Hartnett* v. *Tripp* (1918), 231 Mass. 382, 121 N. E. 17; *Phillips* v. *Industrial Commission* (1944), 75 Ohio App. 131, 61 N. E. 2d 233; *Gallagher* v. *Hudson Coal Co.* (1935), 117 Pa. Super. 480, 178 Atl. 161; and *Wallace* v. *Ludwig* (1935), 292 Mass. 251, 198 N. E. 159, in which the subject of double injuries is reviewed. Although not concerned with a second or subsequent accident this court said in *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276; "It is well settled that where the primary injury arises out of the employment, every consequence that flows from it likewise arises out of the employment." The same principle is announced in *Goshen Veneer Co.* v. *Cozzi* (1931), 93 Ind. App. 160, 176 N. E. 634, and cases cited.

On the other hand the subsequent incident or accident may be such as to constitute an independent intervening agency which breaks the chain of causation between the two injuries and relieves the employer of responsibility for the latter. *Dinoni* v. *Vulcon Coal Co.* (1931), 132 Kan. 810, 297 Pac. 721; *Kolyer* v. *Westmd. Coal Co.* (1942), 149 Pa. 493, 27 A.

2d 272. And this is true even though the first injury may have contributed to the second accident to some extent. *Roberts* v. *Broughton, etc., Colliery Co., Ltd.* (1921), 14 B. W. C. C. 186. As was said in *Marshall* v. *City of Pittsburgh, supra,* "Cases may arise where the elements of time and space and intervening causes may be so involved that the second injury could not be said to be the proximate, natural and probable result of the original accident, or the second accident may so predominate that it overshadows the original cause." Lack of ordinary care on the part of the claimant which proximately results in the second accident has been held to constitute an independent intervening agency which breaks the chain of causation between the two injuries and thus bars recovery for the second. *Head Drilling Co.* v. *Industrial Acc. Com.* (1918), 177 Cal. 194, 170 Pac. 157. See also 71 C. J., Workmen's Compensation Acts, § 368.

Whether the second accident, in the case before us, was the proximate and natural result of the original injury or whether it was the proximate result of the appellant's negligence and therefore should be regarded as an independent intervening cause, was a question of fact for the Industrial Board, to be decided in view of all the circumstances, and its findings in that regard must be sustained, even though the evidence is undisputed, if there is any legitimate theory applicable to the facts on which the award can be upheld. The appellant, knowing full well that his right knee was weak and unexpectedly gave way on occasions, causing him to fall, elected to carry a bundle of trash, which occupied both his hands, down a basement stairway. Whether this was the act of an ordinarily prudent and careful man under all the

circumstances rested exclusively with the Industrial Board to determine. The board concluded that it was not and we cannot say, as a matter of law, that such conclusion is wrong.

But even so the appellant contends that negligence on the part of the claimant is not a defense in workmen's compensation cases. That is true as far as ▪ the primary injury is concerned but the employer's liability for a second injury depends upon an unbroken chain of causation between it and such primary injury and the chain is broken when any independent agency, including the claimant's negligence, intervenes and becomes the proximate cause of the second accident.

Award affirmed.

NOTE.—Reported in 79 N. E. 2d 422.